UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 21-60352-CIV-SMITH

MARTINE HYPPOLITE-MARRIOTT,

    Plaintiff,
v.

FLORIDA DEPARTMENT OF VETERANS
AFFAIRS d/b/a ALEXANDER "SANDY"
NININGER STATE VETERANS' NURSING HOME,
a Florida agency, and JAMES S. HARTSELL, in his
official capacity as agency deputy director

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff, Martine Hyppolite-Marriott, by and through her undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby files this response to Defendants, Florida Department of Veterans Affairs d/b/a Alexander "Sandy" Nininger State Veterans' Nursing Home and James S. Harsell, in his official capacity, Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [D.E. 35], and states as follows:

### Introduction

Plaintiff filed this action against her former employer seeking damages arising from violations of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Pregnancy Discrimination Act ("PDA"), the Florida Civil Rights Act ("FCRA") and the Rehabilitation Act. Defendants moved to dismiss based on Eleventh Amendment immunity as well as a purported failure to plead a *prima facie* case. For the reasons set forth below, this Court should deny Defendants' Motion.

## Memorandum of Law

Defendants do not "enjoy" Eleventh Amendment immunity on the claims alleged by Plaintiff, and Defendants fail to explain how the Eleventh Amendment applies to several claims. Plaintiffs set for sufficient facts which, if taken as true, assert prima facie claims for disability discrimination, pregnancy discrimination, and retaliation under the PDA the ADA, the FCRA, and the Rehabilitation Act.

### 1. Legal Standard

On a motion to dismiss, the Court accepts as true all allegations in the Complaint and construes them in a light most favorable to the Plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). The facts alleged must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While more than conclusory allegations are necessary, the plaintiff does not need to allege each and every singular fact or "magic combination of them," but instead "must include some further detail for a claim to be plausible." *Marino v. Interport Logistic, LLC*, 2016 U.S. Dist. LEXIS 130513, *7-8, Case No. 16-21205-CIV-ALTONAGA/O'Sullivan (S.D. Fla. September 22, 2016) (*see Khalik v. United Air Lines*, 671, F.3d 1188, 1194 (10th Cir. 2012). Dismissal pursuant to Rule 12(b)(6) is not appropriate "unless it appears <u>beyond doubt</u> that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (emphasis added).

**2. Defendants are not entitled to Eleventh Amendment immunity from suit on the particular claims alleged.**

Defendants make the sweeping statement that Count I (FMLA interference), Count II (FMLA retaliation), Count III (Pregnancy Discrimination under the PDA), Count V (Disability Discrimination under the ADA against Mr. Hartsell in his official capacity), Count VII (Retaliation under the ADA against Mr. Hartsell in his official capacity), and Count VIII (Retaliation under the PDA) should be dismissed because "[t]he Courts have affirmed such an interpretation as to the sued upon federal statutes in the aforementioned counts." Motion, p. 6.  Defendant then cites to four cases, two of which relate to the Fair Labor Standards Act, one of which relates to an FMLA retaliation claim based on the employee's reliance on the self-care provision of the FMLA, and one that relates to a disability claim under the ADAAA.

**a. Plaintiff's claims for pregnancy discrimination are not barred by the Eleventh Amendment.**

Defendants do not cite to any case law supporting their claim that the Eleventh Amendment insulates them from liability under the Pregnancy Discrimination Act. They also fail to explain, even without citations to case law, how the Eleventh Amendment applies to claims under the PDA, which is an amendment to Title VII of the Civil Rights Act of 1964 ("Title VII"). *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 737 (2003) ("Congress has already tried unsuccessfully to address [the stigma of family-care leave on female employees] through Title VII and the amendment of Title VII by the Pregnancy Discrimination Act."). Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Hanson v. Ruskin*, No. 16-24836-Civ-Scola, 2018 U.S.

Dist. LEXIS 3679 (S.D. Fla. Jan. 9, 2018)[1]

      **b. Plaintiff can pursue her claims for disability discrimination and retaliation seeking prospective injunctive and declaratory relief against Mr. Hartsell in his official capacity.**

Defendants state, without explanation, that the Eleventh Amendment bars any action based on the ADA. However, Defendants do not address that Counts V and VII are against Defendant Hartsell in his capacity as agency deputy director or that both claims seek declaratory and injunctive relief. *See Grasty v. Fla. Dep't of Children & Families,* No. 19-24812-Civ-Cooke, 2020 U.S. Dist. LEXIS 142891, *6-7 (S.D. Fla. Aug. 7, 2020) (Eleventh Amendment does not provide immunity for claims for prospective injunctive and declaratory relief where the claim is brought against the state officials in their official capacities). A plaintiff suing a state under *Ex parte Young*, 209 U.S. 123 (1908) must observe the "legal fiction" of naming the person who heads the pertinent government department rather than the state itself. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 114, n.25 (1984)(noting that *Ex parte Young* rests on a fictional distinction between the official and the State). Plaintiff alleges her claims against Mr. Hartsell in his official capacity, and Mr. Hartsell does not have Eleventh Amendment immunity from Plaintiff's ADA claims for injunctive and declaratory relief.

      **c. The Eleventh Amendment does not bar Plaintiff's FMLA claims because Plaintiff sought leave for family-care, for which Eleventh Amendment Immunity has been abrogated,**

The Family and Medical Leave Act ("FMLA") provides for two types of leave – family-care and self-care. The family-care provisions are those which provide protected leave because of the birth of a child, the adoption or foster care placement of a child, or to care for certain family

---

[1] The Supreme Court determined that Title VII is a proper abrogation of Eleventh Amendment immunity by Congress, so state governments may be sued under Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).

members who have a "serious health condition." *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 34 (2012)(referencing 29 U.S.C.S. § 2612(a)(1))  The self-care provisions are those which provide protected leave for an employee's own "serious health condition." *Id.*  While the Eleventh Amendment currently provides immunity to the state for self-care FMLA claims, Congress properly abrogated that immunity for family-care FMLA claims. *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 193 F.3d 1214 (11th Cir. 1999).  The Supreme Court explained that the reason for distinguishing between the two types of "care" for the abrogation of Eleventh Amendment immunity was that claims relating to an employee's own health condition were gender neutral as written, but the FMLA provisions pertaining to care for a dependent, such as a child, have a demonstrably disparate impact on women because women provide the majority of childcare and constitute the majority of single parent households. Coleman, at 37-38 (2012).

In the case at bar, Plaintiff sought to hold her FMLA leave until after she gave birth to her child in order to care for that newborn child. [D.E. 30] at ¶ 20 Instead of allowing her to use her FMLA leave for family-care purposes, the Defendant interfered with her rights and demanded that she exhaust her FMLA during her pregnancy by refusing to provide Plaintiff with a reasonable accommodation. *Id.* at ¶¶ 21-32  Defendant cannot use its own bad acts to shield itself from liability by invoking immunity that would not be available but for the Defendant's interference.[2]

### 3. Plaintiff states a claim for disability discrimination.

Defendant seeks dismissal of Counts V, VI, and X because Plaintiff purportedly does not set forth sufficient facts in her 66 paragraphs of factual allegations.  Defendants are incorrect. Plaintiff is not required to prove the case at the pleading stage since proof is not the standard;

---

[2] A pregnancy related illness falls under the self-care provisions of the FMLA. *Colemen* at 39. Care of a child, including a newborn is not self-care, and falls under the "family-care provisions of FMLA. *Dillon v. Carlton*, 977 F. Supp. 1155, 1158 (M.D. Fla. 1997).

plausibility is. Until a fully developed factual record exists, the proper standard is plausibility, not the more rigorous standard for summary judgment motions. *Williams v. Steven M. Larimore Med. Data Sys.*, No. 18-14031-CIV, 2018 U.S. Dist. LEXIS 164319, at *18 (S.D. Fla. Sep. 24, 2018) (holding that at the motion to dismiss stage the facts alleged within the complaint were sufficient under the ADA).

Defendants argue that Plaintiff failed to allege that she has an actual disability. Motion, p. 7. In fact, Plaintiff did specify the nature of her disability - a high-risk pregnancy that limited her ability to be on her feet. [D.E. 30] at ¶ 19. Plaintiff alleged that her high-risk pregnancy "limit[ed] her ability to walk, thereby limiting a major life activity[.]" [D.E. 30] at ¶ 20. Thus, Plaintiff set forth sufficient allegations which, taken as true, demonstrate Plaintiff suffered from an impairment that "limits a major life activity." *Toyota Motor MFG Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002).

Defendants also claim that Plaintiff failed to include allegations about the essential functions of her job and that she is able to perform those essential functions either with or without a reasonable accommodation. Motion, p. 7  Plaintiff does allege exactly that by detailing the modified duties and responsibilities that Defendants finally gave her after requiring that she exhaust her FMLA leave prior to giving birth to her child. [D.E. 30] at ¶ 32. The modified duties and responsibilities were based on the Functional Limitations Form that Defendants delayed in providing to the Plaintiff throughout the relevant time period as well as Plaintiff's job description and duties. [D.E. 30] at ¶ 30.

Defendant also claims that Plaintiff failed to allege any adverse employment action related to her disability. Motion, p. 8  Defendants fail to recognize the distinction between a claim based on disparate-treatment and a claim based on a failure to accommodate – the latter of which is the

basis of Plaintiff's claim. "[A]n employer's failure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the ADA, so long as that individual is 'otherwise qualified,' and unless the employer can show undue hardship." *Holly v. Clairson Indus., LLC,* 492 F.3d 1247, 1262 (11th Cir. 2007) Plaintiff alleges that she was required to exhaust her FMLA leave instead of Defendants providing a reasonable accommodation – one which was available to the Defendants at the time of Plaintiff's original request, and one which would have allowed the Plaintiff to continue to perform the essential functions of her job. [D.E. 30] at ¶¶ 20-32; *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) ("An accommodation is 'reasonable' and necessary under the ADA only if it enables the employee to perform the essential functions of the job.") Thus, Plaintiff's claims for disability discrimination are not subject to dismissal.

4. **Plaintiff states a claim for retaliation.**

Defendant claims that Plaintiff cannot state a claim for retaliation because she did not allege that she engaged in a statutorily protected activity. Contrary to Defendants' assertion, a statutorily protected activity is not merely "oppos[ing] an unlawful employment practice" or "ma[king] a charge, testif[ying], assist[ing] or participat[ing] in any manner in an investigation, proceeding, or hearing." Motion, p. 8-9  Making a request for a reasonable accommodation is itself a statutorily protected activity. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) (a good faith request for a reasonable accommodation under the ADA is a statutorily protected activity).

Defendant also argues the complaint must be dismissed as a matter of law because, essentially, too much time passed between the protected conduct and the adverse action. Temporal proximity and direct evidence are only one means to establish causation—not the only means. *See Collins*, at 1349 (citing to *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716-17 (11th Cir.

2002)). All that is required for causation is for a plaintiff to "establish that 'the defendant was actually aware of the protected expressions at the time the defendant took the adverse employment action.'" *Brathwaite v. Sch. Bd.*, 763 Fed. Appx. 856, 860 (11th Cir. 2019) (*quoting Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1195 (11th Cir. 1997)). Courts broadly construe the causal link element "so that 'a plaintiff merely has to prove that the protected activity and the . . . [adverse] action <u>are not completely unrelated</u>.'" *Higdon v. Jackson*, 393 F. 3d 1211, 1220–21 (11th Cir. 2004); citing *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (emphasis added). Here, Plaintiff alleges that the protected action of requesting a reasonable accommodation is ***directly*** related to the Defendant's conduct in terminating her employment at a time when it was impossible to obtain a Covid-19 test and when Plaintiff alleged that she kept in regular contact with Defendant. At this stage of the proceedings, Plaintiff need not establish causation – she need merely allege sufficient facts demonstrating the causal link, and Plaintiff has done so. Thus, Plaintiff's claims for retaliation should not be dismissed.

5. **Plaintiff states a claim for pregnancy discrimination.**

Once again, Defendants argue that Plaintiff failed to state a cause of action to support her claims – this time her claims for discrimination based on her pregnancy – and once again, Defendant's argument misses the mark. As previously discussed, Plaintiff alleged her membership in a protected class as a pregnant woman, that she was qualified to do her job, and that Defendants failed to accommodate her. *See Avena v. Imperial Salon & Spa, Inc.*, 740 Fed. Appx. 679, 683 (11th Cir. 2018) (applying an ADA framework to analyze a pregnancy discrimination/failure to accommodate claim) For the reasons explained above, Defendants' argument fails, and Plaintiff's pregnancy discrimination claims are not subject to dismissal.

**Conclusion**

Defendants do not "enjoy" Eleventh Amendment immunity on the claims alleged by Plaintiff, and Defendants fail to explain how the Eleventh Amendment applies to several claims. Plaintiffs set for sufficient facts which, if taken as true, assert *prima facie* claims for disability discrimination, pregnancy discrimination, and retaliation under the Pregnancy Discrimination Act, the Americans with Disabilities Act, as amended, the Florida Civil Rights Act, and the Rehabilitation Act. Therefore, the Plaintiff respectfully requests that this Court enter an Order denying the Defendants' Motion to Dismiss the Second Amended Complaint, and for such other relief as this Court deems just and appropriate.

Respectfully Submitted,

By: s/Michelle Cohen Levy
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 North Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*By: s/Michelle Cohen Levy*