UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-CV-60352-RS

MARTINE HYPPOLITE-MARRIOTT,

        Plaintiff,

vs.

FLORIDA DEPARTMENT OF VETERANS AFFAIRS
d/b/a ALEXANDER "SANDY" NININGER STATE
VETERANS' NURSING HOME, a Florida agency, and
JAMES S. HARTSELL, in his official capacity as
Agency deputy director,

        Defendant,
_____/

## DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendants, FLORIDA DEPARTMENT OF VETERANS AFFAIRS d/b/a ALEXANDER "SANDY" NININGER STATE VETERANS' NURSING HOME (hereinafter, "Department") and HAMES S. HARTSELL (hereinafter, "HARTSELL") (collectively, 'Defendants"), by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L. R. 7.1 and 56.1, hereby file this Motion for Final Summary Judgment and Incorporated Memorandum of Law, and in support thereof state as follows:[1]

### I. PRELIMINARY STATEMENT

The Plaintiff, a former employee of the Defendant, previously filed a Second Amended Complaint wherein she removed her claim for retaliation under the Families First Coronavirus Response Act ("FFCRA"), added a count for violation of Section 504 of the Rehabilitation Act, and included a new party, HARTSELL. [D.E. 30]. Defendants filed a Motion to Dismiss

---

[1] The undisputed genuine facts shall be cited herein to the paragraph number/s in the simultaneously filed Statement of Undisputed Genuine Facts ("SOF").

1

Plaintiff's Second Amended Complaint on the basis of Eleventh Amendment Immunity and failure to state a cause of action upon which relief can be granted. [D.E. 35]. On November 2, 2021, the Court issued an Order dismissing with prejudice Count I (FMLA Interference) and Count II (FMLA Retaliation); dismissing without prejudice Counts III (Violation of the Pregnancy Discrimination Act) and IV (Violation of the Florida Civil Rights Act of 1992- pregnancy discrimination); and denying the Motion to Dismiss as to the remaining counts. [D.E. 51]. In the Order, the Court stated, "Plaintiff may file a Third Amended Complaint amending her pregnancy discrimination claims, only. In deciding whether to file a Third Amended Complaint, Plaintiff and her counsel shall be guided by the dictates of Federal Rule of Civil Procedure 11." [*Id.* at p. 13].

On November 10, 2021, Plaintiff filed a Third Amended Complaint. [D.E. 54]. This new amended pleading contains eight (8) counts: Violation of the Pregnancy Discrimination Act ("PDA") (Count I); Violation of the Florida Civil Rights Act of 1992 (Count II); Violation of the ADAAA (Discrimination on the Basis of Disability) (Count III); Violation of the Florida Civil Rights Act of 1992 (Discrimination on the Basis of Disability) (against Department) (Count IV); Violation of ADAAA (Retaliation) (against HARSTELL) (Count V); Violation of PDA (Retaliation) (against Department) (Count VI); Violation of the Florida Civil Rights Act of 1992 (Retaliation) (against Department) (Count VII); Violation of the Rehabilitation Act (against Department) (Count VIII). *Id*. As aptly demonstrated below, the Plaintiff cannot satisfy her *prima facie* burdens as a matter of law, and the Plaintiff's separation of employment was devoid of any retaliatory and/or discriminatory pretext. Accordingly, the Defendants are entitled to Final Summary Judgment.

## II.  LEGAL ARGUMENT

### A.  Legal Standard

Rule 56(b) of the Federal Rules of Civil Procedure provides, in relevant part, that a "party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment "is appropriate where 'there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (*quoting* Fed. R. Civ. P. 56(c)). In accordance with Fed. R. Civ. P. 56, "[t]he moving party bears the burden of production" and "[i]f the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Id.* (*citing Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007)). Although the District Court must draw all factual inferences in a light most favorable to the non-moving party, speculation does not create a genuine issue of fact. *Id.*; *see also Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (speculation does not create a fact issue).

Consequently, the Supreme Court stated, 'the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' *Id.* at 1343-44 (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)); *see also Fanin v. United States Department of Veterans Affairs*, 572 F.3d 868, 872 (11th Cir. 2009) (*same*). The "mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact and a genuine issue of material fact does not exist unless there is

3

sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Therefore, "a mere scintilla of evidence supporting [Plaintiff's] position will not suffice, there must be enough of a showing that the jury could reasonably find for the [Plaintiff]." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511 (1986)). The *Anderson* Court recognized that the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson*, 477 U.S. at 247-48. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment should be granted. *Id.* at 250-51.

      **B.**      **The Plaintiff cannot satisfy her *prima facie* burdens for her disability claims.**

As stated above, the Plaintiff has asserted disability claims pursuant to the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[2] In order to set forth a *prima facie* case for disability discrimination, Plaintiff is required to prove that she 1) is disabled as defined by the ADA; 2) was a qualified individual; and 3) suffered an adverse employment action because of said disability. *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998); *see also Jimenez v. Florida Supplement, LLC*, 2016 WL 4761824 at 2 (S.D. Fla. 2016) (same).[3] A disability is defined as "(A) physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id*. (*citing* 42 U.S.C. Section 12102(2)). However,

---

[2] In this Circuit, claims under the ADA and Rehabilitation Act use the same legal framework. *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997).
[3] In Florida, the FCRA is construed in conformity with the ADA and should be analyzed under the same legal framework. *Wimberly v. Securities Technology Group, Inc.*, 866 So.2d 146, 147 (Fla. 4th DCA 2004).

"[m]erely having an impairment does not make one disabled for the purposes of the ADA. A plaintiff also needs to set forth that the alleged impairment limits a major life activity." *Toyota Motor MFG. Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002). "To avoid summary judgment in a disability discrimination case, the plaintiff must provide evidence sufficient for a jury to find that she was a 'qualified individual with a disability,' meaning that she was 'otherwise qualified' for the job in that she could perform the essential functions of that job with or without reasonable accommodation. *Dickey v. Dollar General Corp.*, 351 Fed.Appx. 389, 391 (11th Cir. 2009) (*quoting Lucas v. Grainger*, 257 F.3d 1249, 1255-56 (11th Cir. 2001). An accommodation is only reasonable if it enables the employee to perform the essential functions of the job. *Id.* at 391. As set forth herein, the Plaintiff cannot satisfy her *prima facie* elements.

First, Plaintiff cannot prove that she has an actual disability. At most, the Plaintiff is claiming she suffered from alleged impairment due to her pregnancy which ended with the birth of her child in August of 2019. Temporary, non-chronic impairments of short duration such as that alleged by the Plaintiff do not constitute disabilities under the ADA as a matter of law. *Leone v. Alliance Foods, Inc.*, No. 8:14-cv-800, 2015 WL 4879406 at *7 (M.D. Fla Aug. 14, 2015). Plaintiff's alleged impairment was due to her pregnancy which ended with the birth of her child in August of 2019.

Second, assuming *arguendo* that Plaintiff has an ADA disability, she has nonetheless still failed to prove that she was otherwise able to perform the essential functions of her job with or without a reasonable accommodation/s. In this matter, it is undisputed from the February 12, 2019 Certification by Plaintiff's own doctor that Plaintiff could not perform her duties. (SOF 4). The physician's Certification provided that the Plaintiff could not work and had to be employed only in a sedentary duty. (SOF 6). Pursuant to the duties and responsibilities expected of Plaintiff in her job position, it was impossible for Plaintiff to perform the essential functions of her job

5

while being restricted to a sedentary position. (SOF). Similarly, and placing aside this certification, the Plaintiff admitted in her deposition that she could not perform the essential functions of her job. [4]

Lastly, Plaintiff cannot prove a materially adverse employment action due to her purported disability. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). First, the Plaintiff was not pregnant, nor suffering any disability related thereto, at the time of her termination. In fact, the Plaintiff testified under oath, both in her worker's compensation claim and in this case, that she was terminated due to numerous missed days of work during the time she was allegedly waiting for her COVID-19 test results, and not, because of any purported ADA disability. (SOF XX). Second, it is undisputed that the Plaintiff was accommodated throughout her pregnancy. Specifically, she was permitted to exhaust her FMLA time, she was allowed to receive sick time donated by other employees when she exhausted her remaining sick and FMLA time and, when her doctor allowed her to return to work under her modified restrictions, the Plaintiff returned to work without any adverse employment actions. As such, the Plaintiff never suffered any adverse employment action because of her disability. And third, any claim that she was not provided some sedentary night shift nursing position during her pregnancy as some reasonable accommodation is baseless. In this matter, it is undisputed that no such position existed, nor has the Department ever created any such position to any other employee on that shift as an accommodation. Because there was no legal entitlement to this accommodation, nor would such be "reasonable," any alleged denial of this request is not an adverse employment action as a matter of law. *See Garrison v. City of Tallahassee*, 664 F. App'x 823, 827 (11th Cir. 2016)

---

[4] Notably, as Plaintiff's doctor was claiming that Plaintiff could not perform her regular job duties, Plaintiff was working her second job for Wellpath at the Jail in the exact same position, as a licensed practical nurse, and did not submit the same documents from the doctor to Wellpath. (SOF 7-8, 10-13).

6

(when employee is not entitled to accommodation, any denial of such is not a materially adverse action).

### C. The Plaintiff cannot satisfy her *prima facie* burden for a retaliation claim.

In order to prevail in a retaliation action, a plaintiff must establish (1) that s/he engaged in statutorily protected expression/activity, (2) s/he suffered an adverse employment action, and (3) there was some causal relation between the two events. C*rawford v. Carroll,* 529 F.3d 961, 970 (11th Cir.2008). In pertinent part, the opposition clause protects activity that occurs before the filing of a formal charge with the Equal Employment Opportunity Commission (hereinafter, "EEOC"), such as, submitting an internal complaint of discrimination to an employer, or informally complaining of discrimination to a supervisor. *Muhammad v. Audio Visual Servs. Grp.*, 380 Fed.Appx. 864, 872 (11th Cir. 2010). To maintain an action for retaliation under the "opposition clause," the employee must have an objectively reasonable belief that the employer took an adverse employment action for a discriminatory purpose. *Anduze v. Florida Atl. Univ.*, 151 Fed.Appx. 875, 878 (11th Cir. 2005) (*citing Clover v. Total System Services, Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999)).

Here, the Plaintiff cannot prove that she engaged in any statutorily protected expression/activity. First, it is undisputed that the Plaintiff admitted in her deposition that she never complained about any alleged discrimination before her employment separation or filed any type of discrimination complaint. (SOF 33). Second, if the Plaintiff is attempting to assert that her "accommodation" request was somehow a protected activity, this claim likewise fails as a matter of law. Here, the Plaintiff did not request a reasonable ADA accommodation. Pursuant to the Department's Standard Operating Procedures for accommodations under the ADA, an employee must submit a request for accommodation in writing and clearly spell out the request. (SOF 7). The February 12, 2019 document from Plaintiff's doctor was a Certification for FMLA

leave, not a request for an accommodation. (SOF 5). Even assuming *arguendo* that the Certification was somehow an accommodation request, creating a sedentary nurse position on the night shift is not reasonable. (SOF 3). In other words, the Plaintiff was not asking for an accommodation; rather, she was asking for a different job.

Lastly, the Plaintiff failed to satisfy her *prima facie* element of causation for two reasons. One, the Plaintiff must prove that her purported protected activity and the termination are not completely unrelated. *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). In this Circuit, the temporal connection between the protected activity and the adverse employment action in itself might be sufficient to establish a causal connection, but the temporal proximity must be "close." *Id*. (*quoting Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Courts have held that causation is not established where more than a couple of months have elapsed between the time of the protected activity and the adverse employment action. *See Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007) (adverse employment action taken three months after protected activity is not sufficiently proximate to show causation); *see also Renta v. Cigna Dental Health, Inc.*, 2009 WL 3618246 at 4 (S.D. Fla. 2009) (close temporal proximity is between one (1) and two (2) months); *Richmond v. ONEOK*, 120 F.3d 205, 209 (10th Cir. 1997) (3 month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (4 month period insufficient)).

Here, if the Plaintiff is attempting to claim her purported "accommodation" request was somehow her protected activity, this is completely unrelated to her April 29, 2020 termination. Specifically, Plaintiff's alleged requests relating to her pregnancy were, at best, the July Certification which was approximately eight months removed from her termination. Thus, the

pregnancy restrictions cannot be sufficiently proximate to prove causation as a matter of law.[5] Two, and completely fatal to Plaintiff's retaliation claim (as well as her other claims), it is undisputed that the decision-maker had no knowledge of Plaintiff's alleged "protected activity." In this Circuit, a decision-maker cannot be motivated to retaliate by an unknown event. *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). Thus, to establish this causal link, the Plaintiff was required to prove the decision-maker was aware of the protected conduct at the time of her termination. *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000). Here, the decision-maker was unaware of any alleged requested accommodation. Therefore, any claim that the decision to terminate the Plaintiff was based upon retaliation must be dismissed.

### D. The Plaintiff cannot satisfy her *prima facie* burden for a pregnancy discrimination claim as a matter of law.

In a discrimination claim, a "plaintiff must establish a prima facie case by showing that (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Id.*[6] Here, the Plaintiff cannot establish a *prima facie* case because (1) she has admitted that her termination was a result of excessive absences that were unrelated to her pregnancy; and (2) she testified that she cannot identify a similarly situated employees outside her class that was treated more favorably by the Department. (Dep. 122:15-19). In this Circuit, "[i]n deciding whether employees are similarly situated, we must consider whether the employees are 'involved in or accused of the same or similar conduct and are disciplined in different ways.'" *Brooks v. CSX Transp., Inc.*, 555 Fed.Appx. 878, 883 (11th Cir. 2014). Merely asserting that the plaintiff was treated differently from "other similarly situated employees

---

[5] Aside from the undisputed fact that the Plaintiff admitted that her termination her missed days purportedly from waiting for her Covid test results, which have absolutely nothing to do with being pregnant, disabled, or some accommodation request in 2019.
[6] Again, the analysis for a pregnancy discrimination claim under the PDA and the FCRA are the same as a Title VII sex discrimination claim. *Penaloza v. Target Corp.*, 549 Fed.Appx. 844, 846 (11th Cir. 2013).

outside of Plaintiff's protected classes" is legally insufficient. *Uppal v. Hospital Corp.*, 482 Fed.Appx. 394, 396 (11th Cir. 2012). In order to constitute a proper comparator in this Circuit, the identified individual must be similar to Plaintiff in "all material respects." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1225-57 (11th Cir. 2019). To establish that proposed comparators are similarly situated, the plaintiff must show that they had the same job duties, engaged in the same conduct, were subject to the same employment rules and policies, worked under the same supervisors, and had the same disciplinary history. *Lewis*, 918 F.3d at 1255-57; *see also Ates-Jackson v. Verizon Wireless (VAW) LLC*, 505 F. App'x 871, 873 (11th Cir. 2013) (same). A recent Supreme Court case decided that "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished." *Id.* (*quoting Young v. United Parcel Service, Inc.*, 575 U.S. 206, 135 S.Ct. 1338, 191 L.Ed.2d 279 (2015)).

In this matter, the Plaintiff cannot satisfy this comparator legal burden. During her deposition, the Plaintiff was directly asked to identify a comparator, and she could not. (SOF 34). Specifically, the Plaintiff was asked to identify any employee who missed as many days as the Plaintiff but was not terminated. In response, the Plaintiff stated, "I don't know who." (SOF 34). Conjecture in this Circuit fails to create a fact issue. Aside from an 'I don't know," the Plaintiff identified a so-called, similarly situated employee in her pleading, Wynter, who is clearly not similarly situated as a matter of law. (SOF 35-37) . Specifically, it is undisputed that Wynter did not work under the same shift or supervisors as the Plaintiff. (SOF 37). In addition, Wynter, as a result of an injury, requested light duty, not sedentary duty, unlike the Plaintiff. (SOF 37). Accordingly, the Plaintiff cannot satisfy her comparator burden as a matter of law.

### E. **The Plaintiff cannot satisfy her pretext burden as a matter of law.**

Even assuming *arguendo* that the Plaintiff satisfied the *prima facie* elements for her claims, which she did not, it is undisputed that the Plaintiff was terminated for a legitimate, non-retaliatory reason. (SOF 28 and 29). The Defendants' burden – only if the Plaintiff did satisfy the *prima facie* elements - is to articulate a non-discriminatory reason for its actions. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079 (11th Cir. 2004). "However, the employer's burden is merely one of production; it 'need not persuade the court that it was actually motivated by the proffered reasons." *Chapman v. Al Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000) (*citing Combs v. Plantation Patterns*, 106 F.3d, 106 F.3d 1519, 1527-28 (11th Cir. 1997). In other words, the employer's burden to set forth a legitimate and non-discriminatory reason is "exceedingly light." *Woodbury v. Sears, Roebuck & Co.*, 901 F.Supp. 1560, 1563 (M.D. Fla. 1995) (*citing Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983)). At the summary judgment stage, once the Defendant meets its burden of articulating a non-discriminatory reason for the recommendation to terminate the Plaintiff, the Plaintiff "must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." *Id*. Thus, as long as the proffered reason is one that might motivate a reasonable employer, the employee "must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id*.

Notwithstanding the fact that the Plaintiff has no comparators, and that the decision-maker had no knowledge of any alleged protected activity, the Department has also clearly met its burden of advancing legitimate and non-discriminatory reasons for Plaintiff's termination recommendation. Specifically, the Plaintiff was voluntarily terminated for abandonment after missing numerous, consecutive days of work, unapproved, and receiving a warning that her job was in jeopardy due to the absences. (SOF 27-29). Pursuant to Florida Administrative Code

11

section 60L-33.065(7), "[a]bandonment shall be used when an agency separates an employee due to an employee's absence from the job without approved leave for a minimum of five consecutive work days and the employee's conduct or circumstances imply no intent to return. Abandonment is deemed to be an unwritten resignation." Beyond the dictates of the administrative rule, any reasonable employer would have terminated Plaintiff for missing not five, but forty consecutive work days without approval. In pertinent part, these absences directly resulted in the Plaintiff's termination.

In addition, it should not be overlooked that the Department went above and beyond to protect Plaintiff's job during her pregnancy. Graciously, the Department extended protection for an additional three weeks after her protected leave was exhausted and collected over six hundred sick leave hours donated by other employees. (SOF 16 and 18). When the Department realized that Plaintiff's job protection under the FMLA would be exhausted on June 24, 2019, it attempted to solicit more leave donations for the Plaintiff to cover the pay period ending June 13, 2019. (SOF 15). The Department also informed Plaintiff that if she was unable to extend her job protection under the FSWP, she may have to be terminated but "if that were to happen, we would encourage you to reapply for a vacancy when you are able." (SOF 17).

Based upon the undisputed facts in this matter, the Plaintiff must now raise an issue of material fact to establish pretext as to this decision. A plaintiff can attempt to satisfy the pretext burden by showing that an employer treated similarly situated employees differently, that is, by showing that valid "comparators" were treated differently than the Plaintiff. *Lewis v. City of Union City*, 918 F.3d at 1213. Specifically, "a plaintiff must show that she and her comparators are 'similarly situated in all material aspects.'" *Id*. A recent Supreme Court case decided that "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished." *Id*. (*quoting Young v. United Parcel Service, Inc.*, 575 U.S. 206,

12

135 S.Ct. 1338, 191 L.Ed.2d 279 (2015)). Here, Plaintiff and her alleged "comparator," Wynter, are not "similarly situated in all material aspects." (SOF 36-37). In fact, the Plaintiff's own "comparator" worked the day shift and did not request sedentary work. (SOF 37). Thus, the material aspects would be identifying a person who was provided sedentary work and was not terminated. There is no such employee in this matter. As such, treating different employees differently is not retaliatory. Overall, it remains undisputed that the only reason the Plaintiff was terminated was because of her own behavior and her failure to comply with Department policies which are devoid of any pretext.

## CONCLUSION

Based upon the foregoing, the FLORIDA DEPARTMENT OF VETERANS AFFAIRS d/b/a ALEXANDER "SANDY" NININGER STATE VETERANS' NURSING HOME, and JAMES S. HARTSELL, respectfully request that this Court grant Final Summary Judgment in their favor and against the Plaintiff and any further relief the Court deems just and proper.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Florida Department of Veteran Affairs
and James S. Hartsell


/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
MEREDITH A. CHAIKEN
Florida Bar No.:87927

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2022, I electronically filed the foregoing document with the Clerk of Court using CMECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

**SERVICE LIST**

Michelle Cohen Levy, Esq.
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, FL  33064
e-mal:  michelle@cohenlevylegal.com